NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AZIZI ANSARI,

              Plaintiff-Appellant,

  v.

FELIPE MARTINEZ, Warden, FCI Safford;
et al.,

              Defendants-Appellees.

No. 20-17435

D.C. No. 4:20-cv-00164-RM-PSOT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted September 14, 2021**

Before:      PAEZ, NGUYEN, and OWENS, Circuit Judges.

       Federal prisoner Azizi Ansari appeals pro se from the district court's

judgment dismissing his action alleging claims under the Federal Tort Claims Act

("FTCA") and *Bivens* claim.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A(a).

---

       *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011).  We affirm.

The district court properly dismissed Ansari's FTCA claim as time-barred because he asserted the claim more than six months after the federal agency denied his claim.  *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

The district court properly dismissed Ansari's Eighth Amendment claims because, even if a *Bivens* remedy is available for these claims, Ansari failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (to challenge his conditions of confinement, a prisoner must show both that he was subjected to a sufficiently serious deprivation and that defendants knew of and disregarded an excessive risk to his health or safety); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) (an Eighth Amendment cruel and unusual punishment claim requires punishment which is "offensive to human dignity" (citation omitted)).

**AFFIRMED.**